UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENRIQUE V. GREENBERG,<br><br>                                    Debtor, | Case No.:  20-cv-00506-GPC-MDD<br>Bankruptcy No. 19-00878-MM11<br><br>**ORDER DENYING APPELLEE'S MOTION TO DISMISS APPEAL**<br><br>[ECF No. 12.] |
| ENRIQUE V. GREENBERG,<br><br>                                    Appellant,<br>v.<br>CHAMPION MORTGAGE COMPANY,<br><br>                                    Appellee. | |

Before the Court is Appellee Champion Mortgage Company's ("Appellee") Motion to Dismiss Appellant Enrique V. Greenberg's ("Appellant") Appeal of the Bankruptcy Court's Order Overruling Objection to Claim 2-2.  The Court finds this motion suitable for disposition without oral argument pursuant to Civ. L.R. 7.1(d)(1).

1

Having considered the parties' submissions and for the reasons set forth below, the Court hereby **DENIES** the Motion to Dismiss.

## BACKGROUND

Appellant's bankruptcy appeal arises out of the bankruptcy court's order ("Order on Claim 2-2") overruling his objections to Appellee's proof of claim ("Claim 2-2") in Greenberg's most recent bankruptcy case, originally filed in bankruptcy court under Chapter 11 of the Bankruptcy Code on February 20, 2019 ("Current Bankruptcy Case"). ECF No. 1 at 4; Bk. No. 19-00878-MM11. Appellee asserts Claim 2-2 based on a reverse mortgage loan evidenced by an adjustable rate note executed by Appellant's mother, Antonia Cortes. ECF No. 12 at 6, 10; Bk. No. 19-00878-MM11 Claims Register, Claim 2-2. The note is secured by a deed of trust against Appellant's principal residence in Temecula, California ("Property"). ECF No. 12 at 6; Bk. No. 19-00878-MM11 Claims Register, Claim 2-2. Both parties acknowledge that several of Appellant's prior bankruptcy cases are relevant to Appellant's appeal of the Order on Claim 2-2.

### I.    Bankruptcy Proceedings[1]

On January 17, 2014, Appellant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code ("2014 Bankruptcy Case"). *See* Bk. No. 14-00260-MM7, ECF No. 1. In the 2014 Bankruptcy Case, the bankruptcy court appointed Leslie Gladstone ("Trustee") as the Chapter 7 Trustee for the benefit of the bankruptcy estate. Bk. No. 14-00260-MM7, ECF No. 2. The Trustee discovered an incorrect digit in the legal description of the Property in the Deed of Trust and on April 16, 2014, filed an adversary complaint against U.S. Bank National Association ("U.S. Bank"), Appellee's predecessor in interest, to avoid the Deed of Trust. Bk. No. 14-90052-MM, ECF No. 1. The Trustee and U.S. Bank later reached a compromise in which the Trustee agreed to execute the

---

[1] The Court takes judicial notice of the orders and pleadings filed in Appellant's previous bankruptcy cases pursuant to Fed. R. Evid. 201 and Fed. R. Bankr. P. 9017. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

documents needed to correct the error in the legal description in the Deed of Trust and U.S. Bank agreed to pay the Trustee $58,000 for the benefit of the bankruptcy estate.  Bk. No. 14-00260-MM7, ECF No. 150.  On March 12, 2015, the Trustee filed a Notice of Intended Action requesting court approval of the compromise, which Appellant opposed. Bk. No. 14-00260-MM7, ECF No. 115, 119.  On July 6, 2015, the bankruptcy court issued an order approving the settlement and authorized the Trustee to execute and deliver documents necessary to reform the Deed of Trust ("Compromise Order").  Bk. No. 14-00260-MM7, ECF No. 150.  Appellant did not appeal this decision.  *See* Bk. No. 14-00260-MM7.  On September 11, 2015, the Trustee executed the Corrective Deed of Trust and delivered the original to U.S. Bank, but the original was lost or misplaced. ECF No. 13-1 at 27; Bk. No. 14-00260-MM7, ECF No. 150.  The Corrective Deed of Trust was not recorded until December 20, 2017.  ECF No. 12 at 8; ECF No. 17 at 16.

On October 13, 2015, Appellant filed a voluntary petition for relief under Chapter 11 ("2015 Bankruptcy Case").[2]  Bk. No. 15-06578-MM11.  On April 25, 2016, Appellant filed an objection to the proof of claim of U.S. Bank, which Appellant had filed on U.S. Bank's behalf.  Bk. No. 15-06578-MM11, ECF No. 68; Claims Register, Claim 3.  On May 3, 2016, U.S. Bank moved the bankruptcy court for relief from the automatic stay to allow U.S. Bank to commence a state court action to quiet title, reform the deed, and obtain related declaratory relief.  Bk. No. 15-06578-MM11, ECF No. 74.  U.S. Bank argued the state court action was necessary despite the Compromise Order because although the Compromise Order rendered U.S. Bank's interest in the Property that of a secured creditor, the Compromise Order had not resolved the issue given that it was Cortes−not Appellant−who was party to the original Deed of Trust.  *Id.*  On July 18, 2016, the bankruptcy court ordered that the automatic stay be terminated to allow U.S. Bank to proceed in state court to determine its rights in the Property, overruled

---

[2] On July 13, 2015, Appellant filed a first voluntary petition for relief under Chapter 11.  Bk. No. 15-04631-MM11, ECF No. 1.  Neither party contends the July 2015 case is relevant to this appeal.

3

Appellant's objections, and deemed the claims withdrawn without prejudice. Bk. No. 15-06578-MM11, ECF Nos. 134, 154. Appellant appealed and moved to stay that order pending appeal, and additionally moved for reconsideration of the order, but the bankruptcy court denied both motions. Bk. No. 15-06578-MM11, ECF Nos. 109, 117, 139, 154, 171. On October 28, 2016, the bankruptcy court dismissed the 2015 Bankruptcy Case. Bk. No. 15-06578-MM11, ECF No. 207. The Bankruptcy Appellate Panel of the Ninth Circuit then dismissed as moot Appellant's appeal of the order granting relief from the automatic stay. BAP No. SC-16-1212, ECF No. 23.

On February 20, 2019, Appellant filed the Current Bankruptcy Case under Chapter 11. Bk. No. 19-00878-MM11, ECF No. 1. On August 15, 2019, Appellee filed its Amended Proof of Claim in the amount of $274,709.60. Bk. No. 19-00878-MM11, Claims Register, Claim 2-2. On October 21, 2019, Appellant filed his objection to Claim 2-2, challenging the validity of the Corrective Deed of Trust based upon the bankruptcy court's order in the 2015 Bankruptcy Case permitting U.S. Bank to litigate the reformation issue in state court, among other arguments. Bk. No. 19-00878-MM11, ECF No. 56. The Parties then filed further briefing on the objection to Claim 2-2. Bk. No. 19-00878-MM11, ECF Nos. 62, 79, 81, 89. On March 3, 2020, the bankruptcy court issued its Order on Claim 2-2, overruling Appellant's objections as a matter of law. Bk. No. 19-00878-MM11, ECF No. 103. The bankruptcy court found that it had already litigated and ruled upon the Trustee's authority to execute the corrective deed of trust, and thus that the doctrines of res judicata and collateral estoppel barred Appellant from relitigating the validity of the Corrective Deed of Trust. *Id.* The bankruptcy court did not make a determination as to the proper dollar amount of Claim 2-2. *Id.*

On March 17, 2020, Appellant appealed the Order on Claim 2-2 to this Court. ECF No. 1. While this appeal has been pending, Appellant's Chapter 11 case proceeded in bankruptcy court as Appellant did not seek a stay pending appeal. On August 6, 2020, the bankruptcy court dismissed Appellant's bankruptcy case and barred him from filing another bankruptcy case for 180 days. Bk. No. 19-00878-MM11, ECF No. 206. On

August 7, 2020, Appellant appealed the bankruptcy court's dismissal of his case to this Court. Case No. 20-cv-1532-GPC-MDD, ECF No. 1.

## II. District Court Proceedings

After the filing of his present appeal, Appellant failed to timely file his opening brief. On July 22, 2020, the Court issued an Order to Show Cause as to why the appeal should not be dismissed. ECF No. 11. On July 27, 2020, Appellee filed the instant Motion to Dismiss, arguing that the appeal is moot and the Court lacks jurisdiction to grant relief. ECF No. 12. On July 31, 2020, Appellant filed a response to the Court's Order to Show Cause, explaining that he had mistakenly filed his opening brief with the bankruptcy court and attaching the brief as an exhibit. ECF No. 17. On September 4, 2020, Appellant filed his response to Appellee's Motion to Dismiss. ECF No. 23. On September 11, 2020, Appellee filed its reply. ECF No. 24.

## LEGAL STANDARD

The Court has jurisdiction to review a bankruptcy court's final orders pursuant to 28 U.S.C. § 158(a). A district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Havelock v. Taxel*, 67 F.3d 187, 191 (9th Cir. 1995). Fed. R. Bankr. Proc. 8013. Mootness is a jurisdictional issue that the Court reviews de novo. *In re Baker & Drake*, 35 F.3d 1348, 1351 (9th Cir. 1994). "On appeal, the appellant has the burden of establishing that the appellate court has jurisdiction to hear the case." *In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016) (citing *Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016)).

## DISCUSSION

Appellee seeks dismissal of Appellant's appeal of Order on Claim 2-2 on two grounds: (1) The appeal is moot; and (2) the Court lacks jurisdiction because Appellee

failed to timely appeal the bankruptcy court's 2015 Compromise Order.[3]  ECF No. 12 at 12–16.

## I. The Appeal is Not Moot

Appellee contends that the appeal is both constitutionally and equitably moot. Appellee argues that the appeal is constitutionally moot because Appellant's Current Bankruptcy Case has been dismissed and the bankruptcy court's Order on Claim 2-2 will not have preclusive effect.  ECF No. 12 at 13.  In the alternative, Appellee argues that the Court should find the appeal equitably moot because it would be inequitable for the Court to consider the appeal.  *Id.* at 14–15.  Appellant argues that the appeal is not moot because appeal is the only appropriate means of deciding the deed reformation issue and dismissing the appeal as moot would be a manifest injustice.  ECF No. 23 at 8.

### A. Constitutional Mootness

Article III of the U.S. Constitution limits the jurisdiction of federal courts to actual cases and controversies.  U.S. Const., Art. III § 2, cl. 1.  Federal courts cannot exercise jurisdiction over a case if it is moot, but "the party moving for dismissal on mootness grounds bears a heavy burden." *Jacobus v. Alaska*, 338 F.3d 1095, 1103 (9th Cir. 2003). "An appeal is moot if events have occurred after the entry of the order being appealed that prevent an appellate court from granting effective relief." *In re Dynamic Brokers, Inc.*, 293 B.R. 489, 493–94 (B.A.P. 9th Cir. 2003) (citing *In re Weinstein*, 227 B.R. 284, 289 (B.A.P. 9th Cir. 1998)).  When a bankruptcy case has subsequently been dismissed, an appeal of a prior order closely related to the debtor's reorganization will often be moot. *In re Bevan*, 327 F.3d 994, 996–97 (9th Cir. 2003).  However, not all matters are

---

[3] Appellee raises on reply that the Court should grant the motion to dismiss because Appellant still has not filed his opening brief on the district court docket as a separate document, and instead only attached the opening brief as an exhibit to his response to the Order to Show Cause. ECF No. 24 at 5. The Court finds that Appellant's response shows cause as to why his case should not be dismissed but will order Appellant to file the opening brief on this Court's docket.

"mooted simply because they touch on a bankruptcy proceeding or were adjudicated in it." *Id.* at 997.

The Ninth Circuit has "decided that 'the allowance or disallowance of a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.'" *Id.* (quoting *Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525, 529 (9th Cir.1998)). The bankruptcy court's allowance or disallowance of a claim will have res judicata effect not just in bankruptcy proceedings, but in future proceedings in state and federal courts that involve the same rights adjudicated in the order on the claim. *Siegel*, 143 F.3d at 529; *see also In re Rivera*, No. BR 5:14-54193, 2016 WL 5868693, at *8 (B.A.P. 9th Cir. Aug. 16, 2016) ("[I]t is clear that the Claim Order now is final, and the amount established in the Claim is binding between the parties and has preclusive effect in courts outside of the bankruptcy court.") (internal citation omitted). A reviewing court that reverses a claim allowance or disallowance order on appeal prevents the order from being binding on the appellant in subsequent proceedings and provides the appellant with effective relief. *See In re Latin*, No. BAP.EC-08-1082-JUMKH, 2009 WL 7751424, at *4 (B.A.P. 9th Cir. Feb. 11, 2009). Appeals of binding claim allowance or disallowance orders are thus not mooted by the dismissal of the underlying bankruptcy case. *Bevan*, 327 F.3d at 997; *see also In re Zulueta*, 520 F. App'x 558, 559 (9th Cir. 2013) ("This case is not rendered moot by the dismissal of Zulueta's bankruptcy petition because the issue [that formed the basis of the bankruptcy court's order allowing the claim] survives dismissal of the Chapter 13 bankruptcy proceedings."); *In re Choudhuri*, No. BAP NC-14-1140, 2014 WL 5861374, at *5 (B.A.P. 9th Cir. Nov. 12, 2014) ("[O]ur decision concerning the propriety of the bankruptcy court's decision about the [proof of claim] is a matter of consequence, and we could conceivably relieve Choudhuri of the burden of a potentially erroneous decision.").

The Court therefore considers whether the bankruptcy court's Order on Claim 2-2 was a final judgment that would subject Appellant to res judicata or collateral estoppel in

future proceedings. The bankruptcy court ordered that Appellant's objections to the claim be overruled and that Appellant was barred from relitigating the validity of the corrective deed of trust. Bk. No. 19-00878-MM11, ECF No. 103. Appellee argues that there is no risk that the Order on Claim 2-2 will have preclusive effect, because Appellant is already barred by res judicata from asserting the grounds raised in his objections to Claim 2-2. ECF No. 12 at 13. But whether Appellant is barred from challenging the Corrective Deed of Trust based on the doctrine of res judicata is the question to be decided on this appeal. This case differs from *In re Dodev*, in which the Bankruptcy Appellate Panel found effective relief could not be granted on appeal of a claim allowance order based on a creditor's lack of standing because "a potentially preclusive order on the standing issues has already been rendered." *In re Dodev*, No. 2:14-BK-02116-MCW, 2015 WL 4069034, at *5–6. There, a district court in a separate civil action had already decided the standing issue raised by the debtor on appeal, so there would have been a decision on the creditor's standing entitled to res judicata effect regardless of the panel's resolution of the appeal. *Id.* Here, however, at the merits stage of this appeal, the Court could conceivably determine that Greenberg is not barred from relitigating the validity of the Corrective Deed of Trust, and thus reversal of the Order on Claim 2-2 would provide Greenberg with effective relief.

Appellee further argues that the Order on Claim 2-2 will not have preclusive effect because it did not make a finding as to the amount of the claim. ECF No. 12 at 13. Although the bankruptcy court did not make a determination as to the proper dollar amount of Claim 2-2, its decision overruling Appellant's objections operated as an allowance of Appellee's claim and therefore would be binding on Appellant in future proceedings. Because the bankruptcy court allowed Appellee's claim, Appellee was later entitled to vote on Greenberg's plan of reorganization. *See* 11 U.S.C. § 1126(a) (holders of allowed claims are permitted to vote on reorganization plan). This situation is unlike *In re Aziz*, cited by Appellee, in which the Bankruptcy Appellate Panel found an appeal of a claim objection order moot where the bankruptcy court had neither allowed nor

disallowed the creditor's claim, and thus had not reached the merits of the claim at all. *In re Aziz*, No. BAP AZ-16-1133-BTAF, 2017 WL 3494805, at *2 (B.A.P. 9th Cir. Aug. 3, 2017).

Accordingly, if the Court were to reverse the bankruptcy court's Order on Claim 2-2, that decision would prevent the allowance of Claim 2-2 from having preclusive effect in subsequent proceedings. The Court therefore DENIES Appellee's Motion to Dismiss on the basis that the appeal is constitutionally moot.

### B. Equitable Mootness

The equitable mootness doctrine derives from the policy that debtors, creditors, and third parties should be able to rely on the finality of bankruptcy court orders. *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012). An appeal of a bankruptcy court order may be equitably moot if there has been a "comprehensive change of circumstances . . . so as to render it inequitable for [the] court to consider the merits of the appeal." *Id.* (quoting *In re Roberts Farms*, 652 F.2d 793, 798 (9th Cir. 1981). To determine if a bankruptcy appeal is equitably moot, the Court "will look first at whether a stay was sought, for absent that a party has not fully pursued its rights." *Id.* If a stay was sought but was denied, the Court next considers "whether substantial consummation of the plan has occurred," "the effect a remedy may have on third parties not before the court," and "whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court." *Id.* Although *In re Thorpe* involved a consummated plan, "the general principles apply to any equitable mootness analysis." *In re Kong*, No. BAP CC-15-1371-KITAL, 2016 WL 3267588, at *6 (B.A.P. 9th Cir. June 6, 2016); *see also In re Focus Media, Inc.*, 378 F.3d 916, 923–24 (9th Cir. 2004) (applying equitable mootness analysis to appeal seeking termination of bankruptcy proceedings and disgorgement of attorneys' fees paid to creditors' attorneys); *In re Isom*, No. 4:15-BK-40763, 2020 WL 1950905, at *5–6 (B.A.P. 9th Cir. Apr. 22, 2020)

(applying *Thorpe* to determine whether substantial consummation of a settlement rendered appeal moot).

Appellee contends that the Court should find Appellant's appeal equitably moot because Appellant failed to seek a stay pending this appeal and the underlying bankruptcy case was dismissed. ECF No. 12 at 14. The bankruptcy court docket confirms that following the bankruptcy court's Order on Claim 2-2, Appellant did not seek a stay of the underlying bankruptcy proceedings while this appeal progressed, and instead only sought a stay of dismissal of the case once the bankruptcy court granted Appellee's motion to dismiss months later. Bk. No. 19-00878-MM11, ECF No. 210. In his response, Appellant does not address his failure to seek a stay.

In *In re Thorpe*, the court identified the appellant's failure to seek a stay as the first consideration in determining whether an appeal is equitably moot. *In re Thorpe*, 677 F.3d at 880. Subsequent decisions have been inconsistent as to whether the failure to seek a stay is dispositive, or whether courts must take into account all of the *In re Thorpe* factors even if the appellant failed to seek a stay. In *In re Mortgages Ltd.*, the Ninth Circuit noted a "general rule . . . that appeals from orders where the objecting party did not seek a stay are moot." *In re Mortgages Ltd.*, 771 F.3d 1211, 1216 (9th Cir. 2014). However, the Bankruptcy Appellate Panel of the Ninth Circuit has "recognized the 'tension' in Ninth Circuit authority concerning the issue of an appellant's failure to seek a stay and whether that failure conclusively moots an appeal." *In re Kong*, 2016 WL 3267588, at *6. Other decisions have indicated that in addition to the failure to seek a stay, "there must also be some subsequent event that would render consideration of the issues on appeal inequitable, and thereby trigger an equitable mootness analysis." *In re Zuercher Tr. of 1999*, No. BAP NC-13-1299, 2014 WL 7191348, at *7 (B.A.P. 9th Cir. Dec. 17, 2014); *see also In re Eliminator Custom Boats, Inc.*, No. BAP CC-19-1003-KUFL, 2019 WL 4733525, at *4 (B.A.P. 9th Cir. Sept. 23, 2019) ("[F]ailure to seek or obtain a stay does not automatically result in equitable mootness."). Here, Appellant does not provide an "adequate reason"—or any reason—as to why he failed to seek a stay

in the bankruptcy court pending appeal. *In re Mortgages Ltd.*, 771 F.3d at 1216 (citing *In re Roberts Farms*, 652 F.2d at 798). Accordingly, the threshold consideration laid out in *In re Thorpe* weighs in favor of finding this appeal equitably moot.

Although the first *In re Thorpe* factor weighs against Appellant, "[e]quitable mootness is not a punishment for choosing not to seek a stay." *In re Reed*, No. BAP CC-16-1028-DKIF, 2016 WL 7189834, at *4 (B.A.P. 9th Cir. Dec. 2, 2016). Rather, the Court must consider the other *In re Thorpe* factors, which go to the question of whether a "comprehensive change in circumstances" has occurred that would make hearing the appeal inequitable. *In re Thorpe*, 677 F.3d at 880. As to the second factor, Appellee concedes that there has not been substantial consummation of a plan because no plan has been confirmed. ECF No. 12 at 14. And although Appellee argues that an order of the Court reversing the bankruptcy court's order would cloud title to the property and impact the marketability of the loan and sale of the property, it does not identify any past transactions with third parties that would need to be reversed or otherwise affected, causing the third factor to weigh in Appellant's favor. *See In re Mortgages Ltd.*, 771 F.3d at 1218; ECF No. 12 at 15.

The fourth factor—whether the district court's grant of relief would "create an uncontrollable situation for the bankruptcy court" due to the difficulty in devising an equitable remedy on remand—also weighs against Appellee. *In re Thorpe*, 677 F.3d at 881, 883. Although reversing the bankruptcy court's Order on Claim 2-2, as Appellant urges, could involve reaching as far back in Appellant's bankruptcy court proceedings as the Compromise Order from the 2014 Bankruptcy Case, the only change in circumstances to have occurred since the Order on Claim 2-2 is that the bankruptcy case has been dismissed. Unlike the consummation of a complex reorganization plan, to "unscramble the eggs" at this stage of proceedings—when Appellee identifies no transactions subsequent to the Order on Claim 2-2 that would have to be reversed— would not be impractical or inequitable. *See In re Castaic Partners II, LLC*, 823 F.3d 966, 968 (9th Cir. 2016). Appellee's primary argument—that the issues Appellant raises

on appeal have been litigated numerous times in the bankruptcy court over the course of several cases–is certainly relevant to the res judicata analysis, but it does not suggest that there has been such a significant change in the status quo since the Order on Claim 2-2 that considering the merits of this appeal would be inequitable.

Because Appellant has failed to bear the heavy burden of demonstrating the appeal is moot, the Court DENIES Appellant's Motion to Dismiss the appeal as equitably moot.

## II. The Court is Not Deprived of Jurisdiction to Hear the Present Appeal Due to Appellant's Failure to Appeal the 2015 Compromise Order

Appellee additionally argues that this Court lacks jurisdiction to review the Compromise Order, which it argues would need to be vacated were Appellant to prevail on this appeal, because Appellant did not appeal that order. ECF No. 12 at 13. Appellant does not dispute that he did not appeal the Compromise Order.

The Court lacks jurisdiction to hear an appeal of a bankruptcy court's order when it is not timely appealed. *In re Ozenne*, 841 F.3d at 814 (citing Fed. R. Bankr. P. 8002); *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994). The Court therefore would not have jurisdiction to consider an appeal of the Compromise Order. However, Appellant does not directly appeal the Compromise Order. The issues Appellant raises in this appeal of Order on Claim 2-2 are (1) whether the question of the Corrective Deed of Trust's validity is barred by res judicata or collateral estoppel and (2) various arguments related to the Corrective Deed of Trust's validity. ECF No. 17 at 10–14. Whether Appellant's arguments related to the Corrective Deed of Trust's validity are precluded by res judicata or collateral estoppel due to the 2015 Compromise Order is not a threshold jurisdictional question, but is instead the question to be decided on this appeal. *See In re George*, 318 B.R. 729, 736 (B.A.P. 9th Cir. 2004), *aff'd*, 144 F. App'x 636 (9th Cir. 2005); *Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).

Accordingly, the Court DENIES Appellee's Motion to Dismiss for lack of jurisdiction over appeal of the Compromise Order.

\ \ \

## CONCLUSION

For the reasons above, the Court **DENIES** Appellee's Motion to Dismiss. The Court further **ORDERS** that Appellant file his opening brief on the docket for this case as a separate document no later than **October 13, 2020**.

**IT IS SO ORDERED.**

Dated: October 6, 2020

Hon. Gonzalo P. Curiel
United States District Judge