UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENRIQUE V. GREENBERG,<br><br>                                   Debtor, | Case No.:  20-cv-00506-GPC-MDD<br>Bankruptcy No. 19-00878-MM11<br><br>**ORDER AFFIRMING IN PART AND VACATING AND REMANDING IN PART BANKRUPTCY COURT'S ORDER OVERRULING APPELLANT'S OBJECTIONS TO APPELLEE'S PROOF OF CLAIM** |
| ENRIQUE V. GREENBERG,<br><br>                                   Appellant,<br>v.<br>CHAMPION MORTGAGE COMPANY,<br><br>                                   Appellee. | |

Before the Court is Appellant Enrique V. Greenberg's ("Greenberg") Appeal of the Bankruptcy Court's March 3, 2020 Order Overruling Objection to Claim 2-2, a proof of claim filed by Appellee Champion Mortgage Company ("Champion").  ECF No. 29.  The appeal has been fully briefed.  ECF Nos. 31, 35, 38.  Having considered the parties'

submissions and for the reasons set forth below, the bankruptcy court's order is **AFFIRMED in part** and **VACATED and REMANDED in part.**

BACKGROUND

Greenberg appeals the bankruptcy court's March 3, 2020 order ("Order on Claim 2-2") overruling his objections to Champion's proof of claim ("Claim 2-2") in Greenberg's most recent bankruptcy case, originally filed in bankruptcy court under Chapter 11 of the Bankruptcy Code on February 20, 2019 ("Current Bankruptcy Case"). ECF No. 1 at 4; Bk. No. 19-00878-MM11.  Champion asserts Claim 2-2 based on a reverse mortgage loan evidenced by an adjustable rate note executed by Greenberg's mother, Antonia Cortes.  ECF No. 12 at 6, 10; Bk. No. 19-00878-MM11 Claims Register, Claim 2-2.  The note is secured by a deed of trust against Greenberg's principal residence in Temecula, California ("Property").  ECF No. 12 at 6; Bk. No. 19-00878-MM11 Claims Register, Claim 2-2.  Both parties acknowledge that several of Greenberg's prior bankruptcy cases are relevant to his appeal of the Order on Claim 2-2.

I.     **Bankruptcy Proceedings**[1]

On January 17, 2014, Greenberg filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code ("2014 Bankruptcy Case").  *See* Bk. No. 14-00260-MM7, ECF No. 1.  In the 2014 Bankruptcy Case, the bankruptcy court appointed Leslie Gladstone ("Trustee") as the Chapter 7 Trustee for the benefit of the bankruptcy estate.  Bk. No. 14-00260-MM7, ECF No. 2.  The Trustee discovered an incorrect digit in the legal description of the Property in the Deed of Trust and on April 16, 2014, filed an adversary complaint against U.S. Bank National Association ("U.S. Bank"), Champion's predecessor in interest, to avoid the Deed of Trust.  Adv. No. 14-90052-MM, ECF No. 1. The Trustee and U.S. Bank later reached a compromise in which the Trustee agreed to

---

[1] The Court takes judicial notice of the orders and pleadings filed in Greenberg's previous bankruptcy cases pursuant to Fed. R. Evid. 201 and Fed. R. Bankr. P. 9017.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

execute the documents needed to correct the error in the legal description in the Deed of Trust and U.S. Bank agreed to pay the Trustee $58,000 for the benefit of the bankruptcy estate.  Bk. No. 14-00260-MM7, ECF No. 150.

On March 12, 2015, the Trustee filed a Notice of Intended Action requesting court approval of the compromise, which Greenberg opposed.  Bk. No. 14-00260-MM7, ECF Nos. 115, 119.  Greenberg raised a number of grounds in his multiple filings opposing the Trustee's motion, including that the Trustee was likely to succeed in the adversary proceedings, that the Trustee did not closely scrutinize the facts involving the dispute and failed to exercise proper business judgment in entering into the settlement, that the settlement was not "fair, reasonable, and equitable," that U.S. Bank lacked standing, and that the bankruptcy court lacked subject matter jurisdiction.  Bk. No. 14-00260-MM7, ECF No. 142 at 2–4.

On July 6, 2015, the bankruptcy court issued an order approving the settlement and authorized the Trustee to execute and deliver documents necessary to reform the Deed of Trust ("Compromise Order").  Bk. No. 14-00260-MM7, ECF No. 150.  Greenberg did not appeal this decision.  *See* Bk. No. 14-00260-MM7.  Following discharge of the debtor and administration of the bankruptcy estate by the Trustee, the case was closed.  Bk. No. 14-00260-MM7, ECF Nos. 76, 176.  On September 11, 2015, the Trustee executed the Corrective Deed of Trust and delivered the original to U.S. Bank, but the original was lost or misplaced.  ECF No. 13-1 at 27; Bk. No. 14-00260-MM7, ECF No. 150.  The Corrective Deed of Trust was not recorded until December 20, 2017.  ECF No. 12 at 8; ECF No. 17 at 16.

On October 13, 2015, Greenberg filed a voluntary petition for relief under Chapter 11 ("2015 Bankruptcy Case").[2]  Bk. No. 15-06578-MM11.  On April 25, 2016, Greenberg filed an objection to the proof of claim of U.S. Bank, which Greenberg had

---

[2] On July 13, 2015, Appellant filed a first voluntary petition for relief under Chapter 11.  Bk. No. 15-04631-MM11, ECF No. 1.  Neither party contends the July 2015 case is relevant to this appeal.

3

filed on U.S. Bank's behalf.  Bk. No. 15-06578-MM11, ECF No. 68; Claims Register, Claim 3.  On May 3, 2016, U.S. Bank moved the bankruptcy court for relief from the automatic stay to allow U.S. Bank to commence a state court action to quiet title, reform the deed, and obtain related declaratory relief.  Bk. No. 15-06578-MM11, ECF No. 74. U.S. Bank argued the state court action was necessary despite the Compromise Order because although the Compromise Order rendered U.S. Bank's interest in the Property that of a secured creditor, the Compromise Order had not resolved the issue given that it was Cortes—not Greenberg—who was party to the original Deed of Trust.  *Id.*  On July 18, 2016, the bankruptcy court lifted the automatic stay to allow U.S. Bank to proceed in state court to determine its rights in the Property, overruled Greenberg's objections, and deemed the claims withdrawn without prejudice.  Bk. No. 15-06578-MM11, ECF Nos. 134, 154.  Greenberg appealed and moved to stay that order pending appeal, and additionally moved for reconsideration of the order, but the bankruptcy court denied both motions.  Bk. No. 15-06578-MM11, ECF Nos. 109, 117, 139, 154, 171.  On October 28, 2016, the bankruptcy court dismissed the 2015 Bankruptcy Case.  Bk. No. 15-06578-MM11, ECF No. 207.  The Bankruptcy Appellate Panel of the Ninth Circuit then dismissed as moot Greenberg's appeal of the order granting relief from the automatic stay.  BAP No. SC-16-1212, ECF No. 23.

On February 20, 2019, Greenberg filed the Current Bankruptcy Case under Chapter 11.  Bk. No. 19-00878-MM11, ECF No. 1.  On August 15, 2019, Champion filed its Amended Proof of Claim in the amount of $274,709.60.  Bk. No. 19-00878-MM11, Claims Register, Claim 2-2.  On October 21, 2019, Greenberg filed his objection to Claim 2-2, challenging the validity of the Corrective Deed of Trust based upon the bankruptcy court's order in the 2015 Bankruptcy Case permitting U.S. Bank to litigate the reformation issue in state court and challenging Champion's standing to file a proof of claim.  Bk. No. 19-00878-MM11, ECF No. 56.  The Parties then filed further briefing on the objection to Claim 2-2.  Bk. No. 19-00878-MM11, ECF Nos. 62, 79, 81, 89.  On March 3, 2020, the bankruptcy court issued its Order on Claim 2-2, overruling

Greenberg's objections as a matter of law.  Bk. No. 19-00878-MM11, ECF No. 103.  The bankruptcy court found that it had already litigated and ruled upon the Trustee's authority to execute the corrective deed of trust, and thus that the doctrines of res judicata and collateral estoppel barred Greenberg from relitigating the validity of the Corrective Deed of Trust.  *Id.*  The bankruptcy court did not make a determination as to the proper dollar amount of Claim 2-2.  *Id.*

On March 17, 2020, Greenberg appealed the Order on Claim 2-2 to this Court.  ECF No. 1.  While this appeal has been pending, the Chapter 11 case proceeded in bankruptcy court as Greenberg did not seek a stay pending appeal.  On August 6, 2020, the bankruptcy court dismissed Greenberg's bankruptcy case upon finding that Greenberg could not confirm a plan of reorganization over Champion's objection, and that there had been gross mismanagement of the estate and bad faith in filing the bankruptcy case as Greenberg was unwilling to resolve Champion's claim.  Bk. No. 19-00878-MM11, ECF No. 206.  The bankruptcy court also barred Greenberg from filing another bankruptcy case for 180 days.  *Id.*   On August 7, 2020, Greenberg appealed the bankruptcy court's dismissal of his case to this Court.  Case No. 20-cv-1532-GPC-MDD, ECF No. 1.  This Court has consolidated that appeal of the case dismissal with this appeal of the Order on Claim 2-2.  ECF No. 33.

## II.   District Court Proceedings

After the filing of his present appeal, Champion moved to dismiss.  ECF No. 12.  On October 6, 2020, the Court denied Champion's motion.  ECF No. 26.  On October 13, 2020, after initially failing to properly file on the Court's docket, Greenberg filed his opening brief for this appeal.  ECF No. 29.  Champion then filed a responsive brief and Greenberg filed a reply.  ECF Nos. 31, 35.  The Court thereafter directed Champion to file a sur-reply related to the issue of standing, ECF No. 37, and Champion filed its sur-reply on January 14, 2021, ECF No. 38.

## LEGAL STANDARD

The Court has jurisdiction to review a bankruptcy court's final orders pursuant to 28 U.S.C. § 158(a).  On appeal, the district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*.  *Havelock v. Taxel*, 67 F.3d 187, 191 (9th Cir. 1995). Fed. R. Bankr. Proc. 8013.  The application of res judicata, as a conclusion of law, is therefore reviewed *de novo*.  *In re Kelley*, 199 B.R. 698, 701 (B.A.P. 9th Cir. 1996).  When the bankruptcy court does not make formal findings of fact on a contested matter "sufficient to enable a reviewing court to determine the factual basis for the court's ruling," the reviewing court must vacate the bankruptcy court's order and remand for further proceedings unless the record contains a clear basis for the court's ruling.  *In re Veal*, 450 B.R. 897, 920–20 (B.A.P. 9th Cir. 2011) (citing *Vance v. Am. Hawaii Cruises, Inc.*, 789 F.2d 790, 792 (9th Cir. 1986)).

## DISCUSSION

Greenberg raises a number of issues on appeal, many of which involve the validity of the Corrective Deed of Trust.  ECF No. 29, at 6–9.  The bankruptcy court overruled Greenberg's objection to Champion's proof of claim on the grounds that the issue of the Trustee's authority to execute the Corrective Deed of Trust had already been litigated and ruled upon by the bankruptcy court, rendering the court bound by the doctrines of res judicata and collateral estoppel, Bk. No. 19-00878-MM11, ECF No. 103. Accordingly, the Court will first resolve whether the bankruptcy court erred in its res judicata and collateral estoppel ruling before turning to Greenberg's other arguments.

**I.   Claim preclusion and issue preclusion**

The federal law of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion, applies in bankruptcy proceedings.  *See Katchen v. Landy*, 382 U.S. 323, 334 (1966); *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986).  "[U]nder res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) (quoting *Marin v. HEW, Health Care Financing Agency*, 769 F.2d 590, 593 (9th Cir. 1985)).  Claim preclusion "prohibits lawsuits on 'any claims that were raised *or could*

6

have been raised' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Fdn. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (emphasis in original). For claim preclusion to apply, there must be "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens*, 244 F.3d at 713 (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).

Issue preclusion bars relitigation of an issue if four elements are met: "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the final judgment." *In re Cass*, No. ADV 12-1235-RK, 2013 WL 1459272, at *10 (B.A.P. 9th Cir. Apr. 11, 2013), *aff'd*, 606 F. App'x 318 (9th Cir. 2015) (citing *In re Berr*, 172 B.R. 299, 306 (B.A.P. 9th Cir. 1994)).

### A. July 6, 2015 Compromise Order

Champion argues that the bankruptcy court's July 6, 2015 Compromise Order is entitled to claim preclusive effect[3] and bars Greenberg from relitigating the validity of the Corrective Deed of Trust. Greenberg opposes, arguing that there is no final judgment on the merits regarding the Trustee's statutory authority and that there is no privity of parties.

####    i.    *Applicability of claim preclusion doctrine*

The procedural posture of the 2014 Bankruptcy Case complicates the claim preclusion analysis in this case. Although Greenberg was a party to the 2014 Bankruptcy Case and had the right to object to the settlement, his opposition to the Trustee's Notice

---

[3] Champion does not argue that the doctrine of issue preclusion applies with respect to the 2015 Compromise Order. In any case, the issues relating to the Trustee's statutory authority, and several of the other state law arguments Greenberg raises, do not appear to have been actually litigated in the prior proceedings, so issue preclusion doctrine would not apply. *See* Bk. No. 14-00260-MM7, ECF Nos. 119, 125, 129, 131.

of Intended Action regarding the settlement was not a cause of action asserted against either the Trustee or U.S. Bank.  Likewise, in the claim objection proceeding in the Current Bankruptcy Case, Champion is the one asserting a claim, not Greenberg.  This case is more like those in which a plaintiff seeks to bar a defendant from using a defense that could have been raised in an earlier proceeding arising from the same claim.  Although the Supreme Court has refused to recognize a stand-alone doctrine of "defense preclusion," it has stated that "any such preclusion of defenses must, at a minimum, satisfy the strictures of issue preclusion or claim preclusion."  *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595 (2020); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").  Several courts of appeals have applied claim preclusion principles to counterclaims and defenses in certain situations.  *E.g.*, *Golden v. Comm'r*, 548 F.3d 487, 495 (6th Cir. 2008) (in proceeding challenging a levy to collect tax deficiency, finding that claim preclusion barred taxpayers' statute of limitations defense because it could have been raised in the prior deficiency proceeding); *Rudell v. Comprehensive Accounting Corp.*, 802 F.2d 926, 928 (7th Cir. 1986) ("[I]n limited circumstances failure to raise . . . counterclaims or related defenses in previous proceedings *does* constitute a bar to related claims being raised later.")

In this case, the Court finds that the policies underlying claim preclusion—such as the interests of finality, consistency, judicial economy, and fairness—weigh in favor of applying the doctrine in these circumstances.  *See Brown*, 442 U.S. at 131; *cf. Rein v. Providian Fin. Corp.*, 270 F.3d 895, 902–04 (9th Cir. 2001) (in bankruptcy proceedings where plaintiffs had stipulated to judgments declaring specified debts nondischargeable, plaintiffs' subsequent action for damages arising from the judgments was precluded as "[r]ights and interests established in [the] prior bankruptcy court judgments would be destroyed or impaired by prosecution of their claims"); *Providence Hall Assocs. Ltd.*

*P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 280–83 (4th Cir. 2016) (finding bankruptcy order approving trustee's sale of property in satisfaction of debts owed to creditor precluded debtor's subsequent action against creditor).  Accordingly, the Court will apply the elements of claim preclusion to determine if Greenberg's arguments regarding the Corrective Deed of Trust are barred by the prior proceeding.

   ii.   *Identity of claims*

   The Court must first determine whether there is an identity of claims between the Trustee's 2014 adversary proceeding that resulted in the Compromise Order and the current claim objection proceeding.  "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts."  *Owens*, 244 F.3d at 714 (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)).  Additionally, courts should consider "whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; whether the two suits involve infringement of the same right; and whether substantially the same evidence is presented in the two actions," although these criteria are not applied "mechanistically." *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1026 (9th Cir. 2019) (quoting *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)).

   The Trustee's adversary complaint against U.S. Bank in the 2014 Bankruptcy Case sought to avoid the original Deed of Trust due to an error in the legal description of the property.  Bk. No. 14-00260-MM7, ECF No. 65; Adv. No. 14-90052-MM.  The Trustee and U.S. Bank reached a settlement, and Greenberg filed several documents opposing the Trustee's Notice of Intended Action.  Bk. No. 14-00260-MM7, ECF Nos. 115, 119, 125, 129, 131.  The bankruptcy court ultimately entered an order approving the Notice of Intended Action over Greenberg's objection and authorizing the Trustee to enter into the settlement, which provided that the Trustee would "execute and deliver to [U.S. Bank] any documents reasonably necessary to reform the Deed of Trust to perfect a lien on the Real Property in favor of [U.S. Bank] and/or its successors or assigns."  Bk. No. 14-

00260-MM7, ECF No. 150.  In the settlement agreement, U.S. Bank and the Trustee also granted "mutual releases regarding the Subject Claims" for avoidance of U.S. Bank's interest in the Property.  *Id.*  The Current Bankruptcy Case's dispute over Claim 2-2 involves, among other things, the validity of the Corrective Deed of Trust that the Trustee effectuated pursuant to the Compromise Order.  Bk. No. 19-00878-MM11, ECF Nos. 56, 79, 81.  The two proceedings involved the same facts and events—the reformation of the Deed of Trust—and the objections Greenberg now raises regarding the reformation of the deed, including state law arguments grounded in the statute of limitations, interactions with Greenberg's mother's probate estate, and Greenberg's bona fide purchaser status, could have been raised in the earlier proceeding.[4]  The proceedings therefore share a common nucleus of facts.

The other criteria also indicate that there is an identity of claims between the 2014 proceeding and the current claim objection proceeding.  A determination by the bankruptcy court that, contrary to the Compromise Order, the Trustee in fact did not have the authority to execute and deliver to U.S. Bank the documents necessary to reform the Deed of Trust would impair the interests that U.S. Bank, Champion's predecessor-in-interest, bargained for in the settlement agreement with the Trustee.  In both proceedings, the creditor has sought to assert or defend its rights in the Deed of Trust and associated Note.  And although the question of the Trustee's authority and the validity of the Corrective Deed of Trust are mostly legal ones, the same facts regarding the Deed of

---

[4] That the Compromise Order prospectively authorized the Trustee to take steps to reform the deed while the current proceeding involves the claim that the Trustee, having already done so, was in fact authorized, does not defeat the identity of the claims.  *See Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150–51 (10th Cir. 2006) (noting that prior judgment would be preclusive where it "incorporated a settlement intended to govern future, related transactions between the parties").  Additionally, the fact that the Corrective Deed of Trust was not recorded until 2017 has no bearing on Greenberg's current arguments, as he does not contend that the delay, or any event occurring after the Compromise Order, affects the validity of the deed (aside from his arguments regarding judicial estoppel, which the Court addresses separately). Rather, all arguments he makes regarding the validity of the Corrective Deed of Trust and the Trustee's authority were available at the time of the Compromise Order.

Trust and the ongoing probate proceedings were also before the bankruptcy court, or at least could have been raised, in both proceedings. No future developments are relevant to the bankruptcy court's authorization of the Trustee's action in 2015.

Accordingly, there is an identity of claims between the 2014 Bankruptcy Case resulting in the Compromise Order and the claim dispute in the Current Bankruptcy Case.

### iii.    Final judgment on the merits

Dismissals resulting from settlement agreements are final judgments on the merits for res judicata purposes. *See Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th Cir. 2013) ("Court-approved settlement agreements . . . have res judicata effect."); *Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) ("After the parties entered into a settlement agreement, the district court dismissed the entire action with prejudice. The dismissal of the action with prejudice constitutes a final judgment on the merits."). In a case involving claims litigated in a prior adversary proceeding initiated by a bankruptcy trustee, the Ninth Circuit determined that "[t]he trustee's action, resulting in a settlement of the claim and the district court's approval of the settlement and dismissal of the action, amounts to a final judgment on the merits." *In re Dominelli*, 820 F.2d 313, 316 (9th Cir. 1987). Here, the Compromise Order approving of the settlement resulted in dismissal of the adversary proceeding with prejudice. Adv. No. 14-90052-MM, ECF No. 42. Greenberg failed to file an appeal challenging the Compromise Order. Like *In re Dominelli*, the Trustee's action in this case resolved the adversary proceeding arising out of the error in the Deed of Trust description and related deed reformation issue, finally disposing of those claims in the 2014 Bankruptcy Case.

Although Greenberg contends that there has not been a final judgment on the merits with regards to the Trustee's statutory authority to reform the deed, ECF No. 35 at 28, the doctrine of claim preclusion bars "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the parties." *Karr*, 994 F.2d at 1429 (quoting *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980)).

Unlike issue preclusion, to invoke claim preclusion there is no requirement that the prior court have determined the precise issue as long as it could have been raised in the prior proceeding.[5]

The Compromise Order therefore constitutes a final judgment on the merits for the purposes of claim preclusion.

### iv.     Privity of parties

For claim preclusion purposes, "[p]rivity between parties exists when a party is 'so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)).  Greenberg asserts there is no privity because neither his mother nor the probate estate was a party to the order to reform the deed, but the relevant question is whether the parties to the 2014 Bankruptcy Proceeding and related adversary proceeding and those to the present claim objection proceeding are the same or are in privity with one another.  Champion argues that Greenberg was a party to both proceedings, as evidenced by his active litigation of the proposed settlement before the bankruptcy court.  Champion is successor-in-interest to U.S. Bank, which was also a party to the previous bankruptcy and adversary proceeding, because Champion acquired the Note and Deed of Trust via assignment from U.S. Bank.  Bk. No. 19-00878-MM11 Claims Register, Claim 2-2, at 43; *see Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) ("Qualifying relationships include, but are not limited to, preceding and succeeding owners of property, bailee and bailor, and assignee and assignor."); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1053 (9th Cir. 2005) ("Privity, traditionally, arose from a limited number of legal relationships in which two parties have identical or transferred

---

[5] As for U.S. Bank or Champion's enforcement rights, this question was explicitly found not to be at issue in the proceeding resulting in the Compromise Order, *see* Bk. No. 14-00260-MM7, ECF No. 142 at 5, so that claim is not precluded by the Compromise Order.

rights with respect to a particular legal interest.")  Thus, this action involves the same parties, or privies of parties, that litigated the previous proceeding.

Accordingly, the Court finds that the bankruptcy court did not err in determining that the validity of the Corrective Deed of Trust could not be relitigated due to res judicata.[6]  Greenberg had an opportunity to challenge the Trustee's authority to reform the Corrective Deed of Trust before the Compromise Order was entered, as evidenced by the hundreds of pages of filings he submitted in opposition to the Notice of Intended Action.  Bk. No. 14-00260-MM7, ECF Nos. 119, 125, 129, 131.  He also had the opportunity to appeal the Compromise Order, but did not do so.  28 U.S.C. § 158(a)(1); *see also In re A & C Properties*, 784 F.2d 1377, 1380 (9th Cir. 1986) (considering appeal of bankruptcy order approving compromise agreement).  The bankruptcy court therefore provided Greenberg a "full opportunity" in 2015 to oppose the Trustee's authority to reform the Deed of Trust on the grounds he now raises, several years and multiple bankruptcy proceedings later.[7]  *Cf. In re Dominelli*, 820 F.2d at 317–18 (finding that plaintiff "had an opportunity before the bankruptcy court to represent his interests in relation to the proposed settlement," and "[t]herefore, the settlement and dismissal of the trustee's action is res judicata barring [plaintiff] from relitigating the estate's usury claim").

### B. July 18, 2016 Claim Objection Order

Champion also urges the Court to find that the July 18, 2016 claim objection order in the 2015 Bankruptcy Case is entitled to preclusive effect.  In that order, which

---

[6] The Court therefore does not reach Champion's argument that the release contained in the settlement agreement waived Greenberg's ability to attack the validity of the Deed of Trust.

[7] Greenberg also appears to challenge the validity of the Corrective Deed of Trust on the basis that the bankruptcy court never issued an order enforcing the settlement.  ECF No. 29 at 7.  However, Greenberg does not explain why an order enforcing the settlement is required when the settlement terms have now been fully performed.

addressed both Greenberg's objections to U.S. Bank's proof of claim[8] and U.S. Bank's motion for relief from the automatic stay pursuant to 11 U.S.C. § 362, the bankruptcy court overruled Greenberg's claim objections, deemed the claims withdrawn without prejudice, and granted U.S. Bank's motion for stay relief.  Bk. No. 15-06578-MM11, ECF No. 134.  Of relevance to the current appeal, the bankruptcy court overruled Greenberg's claim objection based upon standing, finding that "the Note was properly endorsed in blank by Countrywide, the original payee," and "as a result, . . . U.S. Bank . . . [has] standing in this case to assert [its] rights in the Property, and [it has] properly asserted these rights by seeking to withdraw [its] claims in this case."[9]  Bk. No. 15-06578-MM11, ECF No. 134 at 3.

Under Ninth Circuit precedent, "the allowance or disallowance of a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata."  *In re Bevan*, 327 F.3d 994, 997 (9th Cir. 2003) (quoting *Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525, 529 (9th Cir.1998)); *see also Katchen*, 382 U.S. at 334.  However, not all orders relating to claim objections are final judgments on the merits, as is required for claim or issue preclusion.  *See In re Aziz*, No. BAP AZ-16-1133-BTAF, 2017 WL 3494805, at *2 (B.A.P. 9th Cir. Aug. 3, 2017) (finding bankruptcy court order which determined claim objection to be moot not to have preclusive effect); *In re Mirzai*, 271 B.R. 647, 654 (C.D. Cal. 2001), *aff'd*, 36 F. App'x 619 (9th Cir. 2002) (finding bankruptcy court order disallowing claim was not final in part because disallowance of claim was on procedural grounds).  Here, like in *In re Aziz*, "the bankruptcy court made no dispositive ruling on the merits of U.S. Bank's claim that could be given preclusive

---

[8] Greenberg had filed proofs of claim on behalf of U.S. Bank, which was then the purported holder of the Note, as well as Countrywide Bank/Bank of America, the initial payee, and Champion, which at the time had transferred the Note to U.S. Bank.  Bk. No. 15-06578-MM11, Claims Register, Claims 2, 3, 4.
[9] At a hearing preceding this order, the bankruptcy court stated that "because the relief in this case is so minimal, the court's finding [on standing] is not going to have any preclusive effect."  Bk. No. 15-06578-MM11, ECF No. 164 at 7.

14

effect in future litigation between the parties; the court neither allowed nor disallowed the claim." *In re Aziz*, 2017 WL 3494805, at *3. Although a withdrawal of a claim with prejudice may be a final judgment binding in future proceedings, *see Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 608 B.R. 165, 178 (Bankr. S.D.N.Y. 2019), the claims at issue in the July 18, 2016 order were withdrawn without prejudice. Bk. No. 15-06578-MM11, ECF No. 134. A withdrawal of a claim without prejudice generally has no preclusive effect in future litigation. *See In re Lowenschuss*, 67 F.3d 1394, 1399 (9th Cir. 1995) (noting that Federal Rule of Bankruptcy Procedure 3006, regarding withdrawal of claims, "is governed by the same considerations underlying Federal Rule of Civil Procedure 41(a)(2)," regarding voluntary dismissals); *In re Corey*, 892 F.2d 829, 835 (9th Cir. 1989) (holding that a voluntary dismissal order without prejudice "has no res judicata effect").

Further, an order granting or denying a motion for relief from the stay is also generally not a final judgment on the merits. *See In re Veal*, 450 B.R. at 914 ("[S]tay relief litigation has very limited claim preclusion effect, in part because the ultimate resolution of the parties' rights are often reserved for proceedings under the organic law governing the parties' specific transaction or occurrence."); *In re Hamilton*, No. 9:16-BK-90219, 2020 WL 6375715, at *2 n.6 (B.A.P. 9th Cir. Oct. 30, 2020) ("[S]tay proceedings are summary in nature and may not be used to address the merits of the litigants' underlying claims."); *In re Escobar*, 457 B.R. 229, 236 (Bankr. E.D.N.Y. 2011) ("[G]ranting or denying a stay relief motion is not and should not be considered a determination of the ultimate enforceability or unenforceability of the note and lien at issue."). In any case, although the Trustee's authority to execute the documents needed to reform the Deed of Trust was discussed at the hearing, the bankruptcy court's order did not reference, let alone decide, that issue, Bk. No. 15-06578-MM11, ECF Nos. 134; 180 at 4.

1    Accordingly, as neither the claim objection nor stay proceedings resulted in a final

2    judgment on the merits, the July 18, 2016 Claim Objection Order does not have the

3    preclusive effect claimed by Champion.

4    **II.   Judicial estoppel**

5    Although the Court has determined that bankruptcy court's Compromise Order is

6    entitled to preclusive effect, the Court will address Greenberg's contention that

7    Champion is judicially estopped from arguing that the Trustee had the authority to reform

8    the Deed of Trust.  Greenberg argues that Champion should be estopped because in a

9    previous proceeding, its predecessor-in-interest U.S. Bank had argued that the Trustee

10   had no statutory authority and that a bankruptcy court "reforming the Deed of Trust

11   would likely not be effective."

12   The doctrine of judicial estoppel "generally prevents a party from prevailing in one

13   phase of a case on an argument and then relying on a contradictory argument to prevail in

14   another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v.*

15   *Herdrich*, 530 U.S. 211, 227, n.8 (2000)).  "Because the rule is intended to prevent

16   improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by

17   a court at its discretion."  *Id.* at 750 (internal citations and quotation marks omitted).

18   Several factors guide a court in determining whether to invoke judicial estoppel in a

19   particular instance, including (1) whether the "party's later position [is] clearly

20   inconsistent with its earlier position;" (2) "whether the party has succeeded in persuading

21   a court to accept that party's earlier position, so that judicial acceptance of an inconsistent

22   position in a later proceeding would create the perception that either the first or the

23   second court was misled;" and (3) "whether the party seeking to assert an inconsistent

24   position would derive an unfair advantage or impose an unfair detriment on the opposing

25   party if not estopped."  *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th

26   Cir. 2013) (quoting *New Hampshire*, 532 U.S. at 750-51).  Judicial estoppel may apply

27   "not only against actual parties to prior litigation, but also against a party that is in privity

28   to a party in a previous litigation."  *Milton H. Greene Archives, Inc. v. Marilyn Monroe*

16

*LLC*, 692 F.3d 983, 996 (9th Cir. 2012) (*quoting Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011)).

Because U.S. Bank and Champion are in privity with one another, Champion may be judicially estopped from asserting positions contrary to that of U.S. Bank.  U.S. Bank's prior position, that "[t]he Trustee has no statutory authority to reform the Deeds of Trust" and "any Order by the Court reforming the Deeds of Trust would likely not be effective," Bk. No. 15-06578-MM11, ECF No. 100 at 8-9, does appear inconsistent with the position that Champion takes now, namely that the bankruptcy court had already finally determined that the Trustee was authorized to execute the documents needed to reform the Deed of Trust.  The Court will presume that the two positions are "clearly inconsistent" and proceed to analyze the remaining judicial estoppel factors.

As to the second factor, the bankruptcy court did not accept U.S. Bank's position on the Trustee's authority when it granted relief from the automatic stay.  The bankruptcy court's ruling did not determine that a state court action was required for reformation.  Instead, it found that relief from the automatic stay was warranted because of the factors set forth in *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. Ariz. 1990), relying predominantly on the fact that U.S. Bank had no interest in pursuing its claims in bankruptcy court and that Greenberg was "not using this case to accomplish any bankruptcy purpose."  Bk. No. 15-06578-MM11, ECF No. 134 at 4–6.  In fact, the bankruptcy court expressed doubt about U.S. Bank's assertion that it was required to return to state court to ensure reformation of the Deed of Trust, and never found to the contrary.  *Id.*; Bk. No. 15-06578-MM11, ECF No. 95 at 4 ("[D]ue to the Settlement, the Court is not convinced any proceedings in state court are even necessary."); ECF No. 164 at 10 ("I am granting stay relief to let [U.S. Bank] go back to state court. . . . I am not giving . . . any opinion on reformation at all.").  That the bankruptcy court ultimately granted U.S. Bank relief from the stay to pursue its claims in state court—a ruling that did not require resolution of any of the underlying claims, *see In re Veal*, 450 B.R. at

914—does not nullify the preclusive effect of the Compromise Order or prevent Champion from maintaining its position on claim preclusion now.

The third factor also weighs against applying judicial estoppel. As the record makes clear, even had U.S. Bank not advocated a contrary position to the one Champion promotes now, the bankruptcy court was prepared to make the same finding that it did in this case—that it had already authorized reformation of the Deed of Trust. Greenberg would thus find himself in the same situation that he is now, faced with a bankruptcy court order determining that the validity of the Corrective Deed of Trust had already been litigated. Champion therefore would not derive an unfair advantage in the present proceeding if not estopped from asserting that the validity of the Corrective Deed of Trust is subject to res judicata. Its change in position, though arguably an ill-suited use of judicial resources, has not prejudiced Greenberg.

The Court therefore declines to apply the doctrine of judicial estoppel to bar Champion from arguing that the Compromise Order authorizing the Trustee to effectuate reformation of the Deed of Trust is entitled to preclusive effect.

**III.   Champion's standing to file proof of claim**

Having found that Greenberg is precluded from contesting the validity of the Corrective Deed of Trust, the Court turns to the issue of Champion's standing, which was not at issue in the Compromise Order. In the 2015 Bankruptcy Case, the bankruptcy court found that U.S. Bank had standing to withdraw the proof of claim and seek stay relief because the Note was properly endorsed in blank by the original payee. Bk. No. 15-6578, ECF No. 134 at 3. However, because this decision was not a final judgment on the merits and because, in any case, Champion's standing—as opposed to U.S. Bank's—was not established in that decision, the Court must determine whether the bankruptcy court properly overruled Greenberg's objections based on standing.

A party that files a proof of claim in bankruptcy must establish standing. *In re Veal*, 450 B.R. at 922. "[A] party has standing to file a proof of claim based on a promissory note secured by real property if that party is a 'person entitled to enforce' the

note under § 3–301 of the Uniform Commercial Code ('UCC')."[10]  *In re Green*, No. BAP CC-11-1374-MKHHA, 2012 WL 4857552, at *6 (B.A.P. 9th Cir. Oct. 15, 2012).  A 'holder' of the note is a person entitled to enforce the note, which includes a "person in possession of a negotiable instrument that is payable . . . to bearer."  *Id.*  A note endorsed in blank is payable to bearer, meaning that the possessor of a note endorsed in blank is a holder of the note.  *Id.* (citing UCC § 3–205(b)); *see also In re Zulueta*, No. BAP NC-10-1459-HPAJU, 2011 WL 4485621, at *6 (B.A.P. 9th Cir. Aug. 23, 2011), *aff'd*, 520 F. App'x 558 (9th Cir. 2013) ("A party in physical possession of an endorsed-in-blank note qualifies as a holder of a note under CCC § 1201(b) [and is] entitled to enforce it.").  Under Cal. Comm. Code § 3308, an endorsement is presumed to be authentic and authorized.  Cal. Comm. Code § 3308(a).

   In support of its proof of claim, Champion provided the bankruptcy court with a copy of the Note endorsed in blank by the original payee, Countrywide FSA.  Bk. No. 19-00878-MM11 Claims Register, Claim 2-2 at 17–22.  The endorsement appeared on the last page of the Note.  *Id.* at 22.  Champion filed a declaration attesting to its possession of the Note.  Bk. No. 19-00878-MM11, ECF No. 62-1.  Accordingly, Champion has put forth evidence that it is in possession of the Note and that the Note is payable to bearer due to the blank endorsement.  As the blank endorsement is presumed authentic and authorized, Champion has established its standing to file the proof of claim unless Greenberg has put forth evidence sufficient to support a finding that the endorsement is invalid.  *See* Cal. Comm. Code § 1206 ("Whenever this code creates a 'presumption' with respect to a fact, or provides that a fact is 'presumed,' the trier of fact must find the existence of the fact unless and until evidence is introduced that supports a finding of its nonexistence."); UCC § 3-308, Official Comment (explaining that the presumption that a signature is authentic and authorized may be rebutted by evidence sufficient to support a

---

[10] California, the location of the Property and all relevant transactions in this case, has codified most provisions of the UCC under the California Commercial Code.

finding that the signature is forged or unauthorized); *see In re Zipser*, No. BAP CC-15-1258-FTAKU, 2016 WL 1168736, at *4 (B.A.P. 9th Cir. Mar. 23, 2016), *aff'd*, 699 F. App'x 673 (9th Cir. 2017) (noting that "on an objection to a claim, [the debtor] had the burden of offering evidence that the blank endorsement is a sham or void").

Greenberg argues on reply that he has put forth sufficient probative evidence to rebut the presumption that the endorsement is valid by presenting (1) a copy of the Note sent to him by Severson & Werson on June 11, 2014 ("Severson & Werson Note") that does not show the endorsement, conflicting with the Note filed by U.S. Bank in its May 3, 2016 relief from stay motion, which does show the endorsement; (2) testimony from *In re Kemp*, 440 B.R. 624 (Bankr. D.N.J. 2010), regarding the practices of banks not endorsing and delivering notes; and (3) a 2011 consent order regarding Bank of America and U.S. Bank's use of false affidavits in foreclosure actions.[11]  ECF No. 35 at 27–28. More generally, Greenberg's theory appears to be that the endorsement appearing on the Note was fabricated.[12]  Greenberg first raised this issue in the Current Bankruptcy Case in one of several supplemental filings to its objection to Champion's proof of claim.  Bk. No. 19-878-MM11, ECF No. 81.

A bankruptcy court is required to make findings of fact, either orally on the record or in a written decision, in any contested matter.  Fed. R. Bankr. P. 9014(a), (c) (incorporating Fed. R. Bankr. P. 7052).  "The filing of an objection to claim initiates a contested matter," and thus requires the bankruptcy court to make findings "sufficient to

---

[11] Greenberg also challenges the declaration of Donna Hamilton, filed in support of Champion's claim and attesting to Champion's possession of the Note, Bk. No. 19-00878-MM11, ECF No. 62-1, on the grounds that the declaration does not establish that Hamilton had personal knowledge of Champion's possession.  However, the declaration states that Hamilton, "[a]s part of [her] job responsibilities for Champion, [has] personal knowledge of and [is] familiar with the types of records maintained by Champion in connection with this dispute" and that "[t]he information in this declaration is taken from Champion's business records regarding the Subject Property."  *Id.* ¶¶ 3, 4.  Greenberg cites no authority for his contention that Hamilton's declaration is insufficient to establish personal knowledge of Champion's possession of the Note.

[12] However, Greenberg states that he "at this time is not denying the validity of the indorsement on the authenticity of the signatures."  ECF No. 35 at 5.

enable a reviewing court to determine the factual basis for the court's ruling." *In re Veal*, 450 B.R. at 919 (citing *Vance v. Am. Hawaii Cruises, Inc.*, 789 F.2d 790, 792 (9th Cir. 1986)); *see also In re Werner*, No. 8:08-BK-11153-RK, 2015 WL 5048151, at *4 (B.A.P. 9th Cir. Aug. 25, 2015) (citing *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 815 (9th Cir. 2003)) ("[T]he findings must be sufficiently explicit such that the appellate court has a clear understanding of the basis of the trial court's decision and can determine the grounds on which the trial court reached its decision."). Even if a bankruptcy court does not set forth detailed factual findings for its ruling on a contested issue, the Court can resolve the appeal "if a complete understanding of the issues may be obtained from the record as a whole or if there can be no genuine dispute about omitted findings." *In re Veal*, 450 B.R. at 919 (quoting *Gardenhire v. Internal Revenue Serv.*, 220 B.R. 376, 380 (9th Cir. BAP 1998), *rev'd on other grounds*, 209 F.3d 1145 (9th Cir. 2000)). "After such a review, however, when the record does not contain a clear basis for the court's ruling, [the reviewing court] must vacate the court's order and remand for further proceedings." *Id.* at 920.

Here, the bankruptcy court made no explicit findings with respect to the issue of standing. *See* Bk. Nos. 19-878 ECF Nos. 138, 103. It is not clear from the record whether the bankruptcy court determined that the standing issue was subject to res judicata, that the Severson & Werson Note was inadmissible evidence, or that the Severson & Werson Note, even taken alongside the general evidence Greenberg pulls from other cases, was not sufficient to rebut the blank endorsement's presumption of validity. The Court therefore cannot obtain "a complete understanding of the issues," and determine the basis for the bankruptcy court's ruling, from its review of the record. While Greenberg's evidence may ultimately be insufficient, the Court is not in a position to make that determination based on the record before it.

Other cases involving an endorsed and unendorsed copy of a note have gone both ways, depending on the particular factual circumstances involved. *Compare In re Carssow-Franklin*, 213 F. Supp. 3d 577, 587–88 (S.D.N.Y. 2016) (finding that

unendorsed previous copy of the note, taken in conjunction with other evidence and the sequence of events in the litigation, was sufficient to overcome presumption of validity of later-filed copy's endorsement); *In re Tarantola*, No. 4:09-BK-09703-EWH, 2010 WL 3022038, at *3–4 (Bankr. D. Ariz. July 29, 2010) (finding that creditor's lack of credible explanation for the multiple copies of the note previously filed without an endorsement, taken along with creditor's admission that it had fabricated an allonge, was sufficient to overcome presumption) *with In re Stanley*, 514 B.R. 27, 39–40 (Bankr. D. Nev. 2012) (finding, after evidentiary hearing, that previously filed unendorsed copy of note was not sufficient to overcome presumption, given that creditor had filed the copy with the endorsement long before debtor had ever raised the issue and "[t]he evidence established that [the loan servicer], at worst, neglected to copy the back side of the Note when filing its Proof of Claim"); *In re Connelly*, 487 B.R. 230, 242–43 (Bankr. D. Ariz. 2013) (finding, on summary judgment, that plaintiff's claim that he had received a copy of the note without an endorsement was not sufficient to overcome presumption, given possibility that he received incomplete reproductions). These cases demonstrate that the existence of an unendorsed previous copy of a note may or may not be sufficient to overcome the presumption of validity, and that making that determination is a fact-intensive exercise not easily done in the first instance on appeal.

The Court therefore finds that a because a complete understanding of the standing question cannot be obtained from the record, the bankruptcy court's decision with respect to Champion's standing must be vacated and remanded for further proceedings.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

1

## CONCLUSION

2     For the reasons above, the Court **AFFIRMS** the bankruptcy court's finding that

3 Greenberg's challenge to the validity of the Corrective Deed of Trust is precluded by res

4 judicata.  The Court **VACATES** the order of the bankruptcy court to the extent that it

5 determined Champion had standing to file its proof of claim, and **REMANDS** for further

6 proceedings.

7     **IT IS SO ORDERED.**

8 Dated:  February 1, 2021

9                                                             Hon. Gonzalo P. Curiel

10                                                           United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28