UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ENRIQUE V. GREENBERG,<br><br>Debtor,<br><br>ENRIQUE V. GREENBERG,<br><br>Appellant,<br><br>v.<br><br>CHAMPION MORTGAGE COMPANY,<br><br>Appellee. | Case No.:  20-cv-00506-GPC-MDD<br>Bankruptcy No. 19-00878-MM11<br><br>**ORDER:**<br><br>**(1) DENYING APPELLANT'S MOTION FOR PARTIAL RECONSIDERATION; AND**<br><br>**(2) DENYING APPELLANT'S EX PARTE APPLICATION TO STAY DISMISSAL OF THE CASE, REINSTATE THE CASE, AND REINSTATE THE AUTOMATIC STAY PENDING APPEAL**<br><br>[ECF No. 45] |

On February 2, 2021, the Court issued an order affirming in part and vacating and remanding in part the Bankruptcy Court's March 3, 2020 Order Overruling Objection to Claim 2-2.  ECF No. 43.  Appellant Enrique V. Greenberg ("Greenberg") has filed a Motion for Partial Reconsideration of the Court's February 2, 2021 order.  ECF No. 45.  The motion has been fully briefed.  ECF Nos. 53, 55.  Greenberg has also filed an ex

1

parte application to stay the order of dismissal of the case, reinstate the case, and reinstate the automatic stay pending appeal. ECF No. 50. The Court finds the motion and application suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1) and accordingly VACATES the hearing on this matter currently set for April 23, 2021. Having considered the parties' submissions and for the reasons set forth below, the Court DENIES Greenberg's motion for reconsideration and DENIES Greenberg's ex parte application.

## BACKGROUND

As the extensive procedural history of Greenberg's bankruptcy cases is set forth in detail in the Court's previous order, *see* ECF No. 43, the Court will only briefly recount the relevant proceedings here.

### I. Bankruptcy Proceedings[1]

Greenberg appealed the bankruptcy court's March 3, 2020 order ("Order on Claim 2-2") overruling his objections to Appellee Champion Mortgage Company ("Champion")'s proof of claim ("Claim 2-2") in Greenberg's most recent bankruptcy case, originally filed in bankruptcy court under Chapter 11 of the Bankruptcy Code on February 20, 2019 ("Current Bankruptcy Case"). ECF No. 1 at 4; Bk. No. 19-00878-MM11. Champion asserted Claim 2-2 based on a reverse mortgage loan evidenced by an adjustable rate note executed by Greenberg's mother, Antonia Cortes. ECF No. 12 at 6, 10; Bk. No. 19-00878-MM11 Claims Register, Claim 2-2. The note is secured by a deed of trust against Greenberg's principal residence in Temecula, California ("Property"). ECF No. 12 at 6; Bk. No. 19-00878-MM11 Claims Register, Claim 2-2.

Several of Greenberg's previous bankruptcy cases are at issue in the present appeal, but most relevant is the Chapter 7 bankruptcy case Greenberg filed on January 17,

---

[1] The Court takes judicial notice of the orders and pleadings filed in Greenberg's previous bankruptcy cases pursuant to Fed. R. Evid. 201 and Fed. R. Bankr. P. 9017. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

2014 ("2014 Bankruptcy Case"). *See* Bk. No. 14-00260-MM7, ECF No. 1. In the 2014 Bankruptcy Case, the bankruptcy court appointed Leslie Gladstone ("Trustee") as the Chapter 7 Trustee for the benefit of the bankruptcy estate. Bk. No. 14-00260-MM7, ECF No. 2. The Trustee discovered an incorrect digit in the legal description of the Property in the Deed of Trust and filed an adversary complaint against U.S. Bank National Association ("U.S. Bank"), Champion's predecessor in interest, to avoid the Deed of Trust, but the parties ultimately reach a settlement agreement that provided the Trustee would execute the documents needed to correct the error in exchange for money to be paid to the bankruptcy estate. *See* Adv. No. 14-90052-MM, ECF No. 1; Bk. No. 14-00260-MM7, ECF No. 150. Over Greenberg's opposition, including objections to the bankruptcy court's jurisdiction, the bankruptcy court issued an order approving the settlement and authorizing the Trustee to execute and deliver documents necessary to reform the Deed of Trust ("Compromise Order"). Bk. No. 14-00260-MM7, ECF No. 150. Greenberg did not appeal this decision. *See* Bk. No. 14-00260-MM7. The Corrective Deed of Trust was not recorded until December 20, 2017 due to the original Corrective Deed of Trust being lost or misplaced. ECF No. 12 at 8; ECF No. 17 at 16.

In the Current Bankruptcy Case, Greenberg's objections to Claim 2-2 related to a number of issues, but one of Greenberg's primary arguments was based on a challenge to the validity of the Corrective Deed of Trust for the Property and the bankruptcy court's Compromise Order in his 2014 Bankruptcy Case. No. 19-00878-MM11, ECF No. 56. Greenberg also challenged Champion's standing to file a proof of claim. No. 19-00878-MM11, ECF No. 56. In its Order on Claim 2-2, the bankruptcy court rejected Greenberg's objections challenging the validity of the Corrective Deed of Trust and Champion's standing and overruled his objections as a matter of law. Bk. No. 19-00878-MM11, ECF No. 103. The bankruptcy court found that it had already litigated and ruled upon the Trustee's authority to execute the corrective deed of trust, and thus that the doctrines of res judicata and collateral estoppel barred Greenberg from relitigating the

validity of the Corrective Deed of Trust. *Id.* The bankruptcy court did not make a determination as to the proper dollar amount of Claim 2-2. *Id.*

## II. District Court Proceedings

Greenberg appealed the Order on Claim 2-2 to this Court. On February 2, 2021, the Court issued an order affirming in part and vacating and remanding in part the bankruptcy court's order. ECF No. 43. Specifically, the Court affirmed the bankruptcy court's finding that the doctrine of res judicata barred Greenberg from challenging the validity of the Corrective Deed of Trust that was authorized by the 2015 Compromise Order, as Greenberg had objected to entry of the Compromise Order but failed to appeal. *Id.* at 7–13. The Court vacated and remanded the bankruptcy court's implicit determination that Champion had standing to file the proof of claim because the bankruptcy court had not made a record to that effect. *Id.* at 18–22.

On February 24, 2021, Greenberg filed an ex parte application for reconsideration of the part of the Court's February 2 order affirming the bankruptcy court's finding of claim preclusion. ECF No. 45. The Court set the motion for a hearing and issued a briefing schedule. ECF No. 46. On March 19, 2021, Champion filed a response in opposition. ECF No. 53. On February 2, 2021, Greenberg filed a reply. ECF No. 55.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a previously entered order. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Generally, reconsideration of a prior order is appropriate only "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must be accompanied by an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or

decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Civ. L.R. 7.1(i)(1).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Whether to grant or deny a motion for reconsideration is committed to the "sound discretion" of the district court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A party may not raise new arguments or present new evidence if it could have raised them earlier. *Kona Enters.*, 229 F.3d at 890. Motions for reconsideration are not intended to give parties a "second bite at the apple." *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342 L (LSP), 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009). Nor are they devices to permit the unsuccessful party to "rehash" arguments previously presented. *Id.*; *see also Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal."). Ultimately, a motion for reconsideration is not a vehicle "to ask the Court to rethink what it has already thought" simply because a party disagrees with the Court's decision. *Collins v. D.R. Horton, Inc.*, 252 F.Supp.2d 936, 938 (D. Ariz. 2003) (citing *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998)).

**DISCUSSION**

Greenberg argues that the Court's decision in its February 2 order was based on a clear error of law and was manifestly unjust because the Court overlooked his argument that there is binding California law that permits him to challenge the Corrective Deed of Trust. ECF No. 45 at 5. In short, Greenberg contends that the Court erred in finding his challenge to the Corrective Deed of Trust and Compromise Order barred by claim preclusion because the Compromise Order was a void judgment. *Id.* at 10–15.

Greenberg relies on California law to support his position that void judgments can be subject to collateral attack. Champion responds that Greenberg has provided no argument as to why the Court's finding of claim preclusion was clear error, that there is no exception to claim preclusion for "void judgments," and that even if there was, the Compromise Order is not void. ECF No. 53 at 13–17.

First, the Court notes that Greenberg did not include the accompanying affidavit required under the Local Rules. Civ. L.R. 7.1(i)(1). However, the Court finds that even had Greenberg complied with the procedural requirements of a motion for reconsideration, he would not be entitled to the relief he seeks in the motion.

## I. Res judicata and "void" judgments

In the Court's February 2 order, the Court applied the principles of claim preclusion and determined that the existence of the 2015 Compromise Order authorizing the Trustee to reform the Deed of Trust operated to bar Greenberg from relitigating the validity of the Corrective Deed of Trust, given that his arguments either were or could have been raised in the earlier proceeding. ECF No. 43 at 13. In his motion, Greenberg does not argue that the Court misapplied the elements of claim preclusion. Rather, Greenberg primarily argues that he is not barred from collaterally attacking the Compromise Order (or by extension the Corrective Deed of Trust) because it is a "void" judgment. ECF no. 45 at 10–15. The Court therefore must determine first whether any such exception to the ordinary doctrine of claim preclusion exists for "void" judgments; if so, the Court must determine whether the Compromise Order in this case would fall into that exception.

As many commentators have noted, the doctrine of res judicata advances a policy of finality that comes at the expense of ensuring all judgments are correct. *See* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 18 Federal Practice and Procedure § 4403 (3d ed. 2020); *see also* Karen Nelson Moore, *Collateral Attack on Subject Matter Jurisdiction: A Critique of the Restatement (Second) of Judgments*, 66 Cornell L. Rev. 534, 534–35 (1981) (noting tension between policy of finality and policy of ensuring

judgments are rendered by courts of competent jurisdiction). For claim preclusion doctrine to function, the mere fact that a prior decision was erroneous cannot prevent application of the doctrine. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Thus, even assuming the bankruptcy court made a grievous error of law when it authorized the Trustee to reform the Deed of Trust, such circumstances typically would not render the judgment open to collateral attack.

The Compromise Order is "not any the less preclusive because the attack is on the Bankruptcy Court's conformity with its subject-matter jurisdiction, for '[e]ven subject-matter jurisdiction . . . may not be attacked collaterally.'" *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455, n. 9 (2004)). Although under the traditional rules of claim and issue preclusion "a judgment of a court lacking subject matter jurisdiction was 'void' and forever subject to attack," Restatement (Second) of Judgments § 12 (1982), the modern doctrine can generally be invoked on the basis of a judgment entered by a court without jurisdiction. *See United States v. Van Cauwenberghe*, 934 F.2d 1048, 1058 (9th Cir. 1991); *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982). Contrary to Greenberg's assertion, "[e]ven objections to subject-matter jurisdiction—which may be raised at any time, even on appeal—must be raised while the lawsuit is still pending; they may not be raised for the first time by way of collateral challenge in a subsequent action." *City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002).

There are limited exceptions to this rule. For example, the Supreme Court has found that res judicata may not prevent collateral attack of an earlier state court judgment where the state court's jurisdiction was preempted by federal law, or the judgment impinged on sovereign immunity. *See Durfee v. Duke*, 375 U.S. 106, 114 (1963) (citing *Kalb v. Feuerstein*, 308 U.S. 433 (1940); *United States v. United States Fidelity & Guaranty Co.*, 309 U.S. 506 (1940)). As the Supreme Court and Ninth Circuit have recognized, commentators have suggested that broader exceptions may exist for situations in which the exercise of subject matter jurisdiction was particularly egregious,

the judgment infringes on the authority of another tribunal, the court lacked the ability to make an informed determination of its own jurisdiction, or where factors such as the procedural protections available in the first court or the importance of the jurisdictional limit that was violated weigh against application of res judicata.  *See Travelers*, 557 U.S. at 153 n.6 (citing Restatement (Second) of Judgments § 12); *Van Cauwenberghe*, 934 F.2d at 1059–60 (citing 18 Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4428 (1981)).  Likewise, in the context of a Rule 60(b)(4) motion for relief from judgment, the Supreme Court explained that a judgment will generally only be found void in "the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction."[2]  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

  Here, before entering the 2015 Compromise Order, the bankruptcy court considered Greenberg's argument that it lacked jurisdiction and found to the contrary.  Bk. No. 14-00260-MM7, ECF No. 142 at 4.  The bankruptcy court explained that under 28 U.S.C. § 157, it had "jurisdiction over matters 'concerning the administration of the estate,' involving the 'allowance or disallowance of claims against the [e]state,' and issues 'determining the validity, extent, or priority of liens' against the estate."  *Id.* (quoting 28 U.S.C. § 157(b)(2)(A), (B), (K)).  While Greenberg argues that the bankruptcy court had no authority to enter an order authorizing execution of the Corrective Deed of Trust for the Property because the Property was in probate and the court had no jurisdiction over the probate estate, this is not the rare situation in which the bankruptcy court was so plainly without jurisdiction that it lacked even an arguable basis

---

[2] The Court does not intend to decide whether the same standards that apply to a motion for relief from a void judgment under Rule 60(b)(4) apply to the determination of whether an allegedly void judgment is entitled to preclusive effect, as Greenberg did not make such a motion to the bankruptcy court in the 2014 Bankruptcy Case and Rule 60(b)(4) motions have additional requirements, such as that they be made "within a reasonable time."  Fed. R. Civ. P. 60(b)(4), (c)(1).

to enter the order.  In *Travelers*, the Supreme Court suggested that a situation in which the bankruptcy court holds a criminal trial or resolves a custody dispute might fall under such an exception to the typical res judicata principles.  *Travelers*, 557 U.S. at 153 n.6. Here, while there may be some question as to whether the Property was properly considered a part of the bankruptcy estate at the time or whether the probate exception to federal jurisdiction should have applied, *see Marshall v. Marshall*, 547 U.S. 293, 312 (2006), this potential error is not of a magnitude that permits collateral attack of the Compromise Order.  *Cf. In re Brace*, 829 F. App'x 815, 816 (9th Cir. 2020) (rejecting debtor's belated attempt to challenge, after entry of order approving settlement, bankruptcy court's exercise of jurisdiction over assets that debtor alleged were part of his mother's probate estate).  Greenberg's challenge to U.S. Bank's standing to be a party to the deed reformation fails for the same reason.  *See* ECF No. 45 at 14–15.  Greenberg had a full opportunity to raise these jurisdictional issues before the bankruptcy court during the proceedings leading up to the Compromise Order and in any subsequent appeal.

The California cases cited by Greenberg do not compel a contrary conclusion. State preclusion rules do not apply to a federal court's determination of the preclusive effect of a federal bankruptcy court judgment based upon application of federal law.  *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law.").  The Compromise Order clearly dealt with matters arising under federal bankruptcy law, and thus federal res judicata principles apply.  *See id.*; *cf. Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 986 F.3d 1106, 1114 (9th Cir. 2021) (noting that state preclusion rules apply to determine preclusive effect of orders in federal diversity actions).  Moreover, the question of the bankruptcy court's subject matter jurisdiction is necessarily a question of federal law.  *See Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995) ("The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, [federal] statute.").  Greenberg has therefore provided no reason for why the Court should depart from the federal common law of res judicata and apply California law.

1     Accordingly, the Court finds that Greenberg has not identified a clear error or
2 manifest injustice in the Court's February 2 order regarding the application of res
3 judicata.
4     **II.     Other arguments**
5     Greenberg makes several other arguments that the Court likewise finds to be
6 without merit.  Although he argues that U.S. Bank's abstention motion filed in the 2016
7 Bankruptcy Case or the bankruptcy court's order granting abstention "displaced" the
8 Compromise Order, he cites no authority for the contention that the subsequent motion or
9 order would nullify the preclusive effect of the judgment, and he ignores the Court's
10 previous finding that the bankruptcy court never accepted U.S. Bank's argument that the
11 Trustee's reformation of the Deed of Trust based upon the Compromise Order would be
12 ineffective.  ECF No. 55 at 3–4; ECF No. 45 at 17 (quoting Bk. No. 15-06578-MM11,
13 ECF No. 164 at 10 ("I am granting stay relief to let [U.S. Bank] go back to state court. . .
14 . I am not giving . . . any opinion on reformation at all.")).  Greenberg also makes
15 arguments related to his proposed plan of confirmation, ECF No. 55 at 6, which was not
16 an issue in this appeal.
17     The Court therefore finds Greenberg's other arguments do not establish a basis for
18 the Court to reconsider its prior decision.
19     **III.    Appellant's ex parte application**
20     Greenberg has also filed a document entitled "Ex Parte Application to (1) Stay the
21 Order of Dismissal of the Case, (2) Reinstate the Case, and (3) Reinstate the Automatic
22 Stay pending Appeal and pending further proceedings by bankruptcy court per the
23 Remand Order by the Court at ECF No. 43."  ECF No. 50.  Greenberg provides no legal
24 argument to support his request.  In any event, the present appeal is of the bankruptcy
25 court's Order on Claim 2-2, which was entered before the bankruptcy court dismissed
26 Greenberg's bankruptcy case; the Court has not yet entered an order regarding
27 Greenberg's subsequent appeal of the bankruptcy court's order of dismissal in Case No.
28 20-cv-01532-GPC-MDD.  To the extent Greenberg has filed the document in this case

because the appeals were consolidated, the Court will consider Greenberg's application in connection with its determination of the appeal in Case No. 20-cv-01532-GPC-MDD.

## CONCLUSION

For the reasons above, the Court **DENIES** Greenberg's motion for reconsideration and **VACATES** the hearing on this matter.  Additionally, the Court **DENIES** Greenberg's ex parte application to stay the dismissal of the case, reinstate the case, and reinstate the automatic stay pending appeal.

**IT IS SO ORDERED.**

Dated:  April 16, 2021

Hon. Gonzalo P. Curiel
United States District Judge